IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRELL GLENN DITTMAN (TDCJ No. 1701202), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-2339-C-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jerrell Glenn Dittman, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. This habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should deny the application as barred by the applicable statute of limitations.

**Applicable Background**

In 2011, a Dallas County jury convicted Dittman of felony murder, and he was sentenced to 35 years of imprisonment. *See State v. Dittman*, F10-00566-V (292d Jud. Dist. Ct., Dallas Cty., Tex.). The trial court's judgment was affirmed on appeal. *See Dittman v. State*, No. 05-11-00345-CR, 2012 WL 3139873 (Tex. App. – Dallas Aug. 3,

-1-

2012). The Texas Court of Criminal Appeals (the "CCA") refused Dittman's petition for discretionary review ("PDR"). *See Dittman v. State*, No. PD-1146-12 (Tex. Crim. App. Jan. 9, 2013). And Dittman did not seek review from the Supreme Court of the United States.

Dittman did, however, petition for state-habeas relief. His first state-habeas petition (signed on January 21, 2014, *see* Dkt. No. 8-37 at 21) was dismissed by the CCA as noncompliant with Texas Rule of Appellate Procedure 73.1 on September 10, 2014. *See Ex parte Dittman*, WR-81,594-02 (Tex. Crim. App. Sept. 10, 2014). And his second state-habeas petition (signed on September 24, 2014, *see* Dkt. No. 8-55 at 21) was denied by the CCA without written order on the findings of the trial court after a hearing on July 27, 2016. *See Ex parte Dittman*, WR-81,594-03 (Tex. Crim. App. July 27, 2016).

Dittman failed to date his Section 2254 application, docketed August 12, 2016, but it is postmarked August 10, 2016.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

-4-

by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

**Analysis**

Because Dittman did not file a petition for certiorari with the Supreme Court, his conviction became final for purposes of the AEDPA on April 9, 2013 – 90 days after the CCA refused his PDR on January 9, 2013. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Absent equitable tolling, this federal habeas application was therefore due no later than April 9, 2014 unless tolling under Section 2244(d)(2) applies.

It does not – for two reasons.

First, although Dittman's first state-habeas petition was filed before April 9, 2014, it was dismissed by the CCA because Dittman failed to comply with Rule 73.1.

> The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. TEX. R. APP. P. 73.1. Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form, *e.g., Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006), and such requirements have been upheld by the United States Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim....").

*Rodriguez v. Thaler*, Civ. A. No. V-09-28, 2012 WL 3276713, at *6 (S.D. Tex. Aug. 8, 2012) (examining the failure to comply with Rule 73.1 in the context of procedural default).

"Under Texas law, compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. Therefore, compliance with the requirements is a 'condition to filing' and not a 'condition to obtaining relief.'" *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (per curiam) (quoting *Artuz v. Bennett*, 531 U.S. 4, 10 (2000)). Even if the state trial court (or the convicting court) considers the merits of the state-habeas petition, the CCA may still dismiss that petition under Rule 73.1 "for failing to follow the state's procedural filing requirements," as the CCA "makes the final decision whether the application complies with all filing requirements and whether to grant or deny the application." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 11.07); *see also id.* at 688 n.1 (noting that the CCA's "use of the term 'dismiss' belies any notion that the court considered any of [the petitioner's] claims on the merits" (citations omitted)). And "[b]ecause compliance with procedural filing requirements is a matter of state law," a federal court should "defer to the CCA's determination that [a habeas applicant] failed to follow the filing requirements." *Id.* at 688.

Because Dittman's initial state-habeas petition was dismissed by the CCA because the petition did not comply with Rule 73.1, that application was not properly filed. Its pendency did not, therefore, toll the statute of limitations. *See id.* (concluding that a state-habeas application dismissed under Rule 73.1 "was not 'properly filed' and

did not toll the AEDPA statute of limitations"); *see also Jones v. Stephens*, No. 3:13-cv-336-L, 2013 WL 5325895, at *3 (N.D. Tex. Sept. 23, 2013) ("Because Petitioner's first state habeas application was dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1, Petitioner is not entitled to statutory tolling for the period of time his first state writ was pending." (citing *Artuz*, 531 U.S. at 8 ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *Villegas v. Johnson*, 184 F.3d 467, 470 & n.2 (5th Cir. 1999) (holding "that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements"))).

Dittman's second state-habeas petition, filed no sooner than the date on which he signed the petition (September 24, 2014) – more than five months after the AEDPA's limitations period lapsed – also failed to toll the applicable limitations period. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

Accordingly, Dittman's federal habeas application is untimely by more than two years unless equitable tolling applies. It does not, however, because Dittman has failed to demonstrate that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos.

3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

## Recommendation

The Court should deny the application for writ of habeas corpus as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE